# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 17-60243-CR-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIX FILENGER,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Felix Filenger's ("Defendant") Petition for Judicial Recommendation, ECF No. [170] ("Petition"), and accompanying Memorandum of Law, ECF No. [171], filed on March 4, 2020. The United States (the "Government") filed a response in opposition, ECF No. [173] ("Response"), on March 27, 2020. The Court has reviewed the Petition, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Petition is denied.

On April 20, 2018, Defendant was charged with one count of conspiracy to commit racketeering, pursuant to 18 U.S.C. § 1962(d). ECF No. [132].[1] Defendant is currently scheduled to be transferred to a residential reentry center ("RRC") on July 14, 2020, for a five-month stay. In his Petition, Defendant requests a recommendation from this Court to the Bureau of Prisons ("BOP"), pursuant to the Second Chance Act, that Defendant be placed in an RRC or in-home confinement for an additional three to four months.

---

[1] On June 12, 2018, the Judgment was amended to include the amount of restitution owed. ECF No. [150]. Further, on March 14, 2019, the Judgment was again amended to correct a clerical error regarding the victim distribution. ECF No. [158].

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The BOP is uniquely charged with designating "the place of a prisoner's imprisonment." 18 U.S.C. § 3621(b). Under the Second Chance Act, codified in 18 U.S.C. § 3624(c):

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*; 28 C.F.R. § 570.20(a) ("Community confinement is defined as residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours."). As such, § 3624(c) directs that the BOP place a prisoner preparing to re-enter civilian life in a RRC, based on an individualized determination, in order "to provide the greatest likelihood of successful reintegration into the community." *Id.* § 3624(c)(6); *see also United States v. Kuba*, No. 06-20114-CR, 2018 WL 7357403, at *1 (S.D. Fla. Sept. 13, 2018).

> Pursuant to the Act, BOP staff is directed to review inmates for RRC placement 17 to 19 months before their projected release date and to consider inmates on an individual basis using the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission.

*United States v. Hill*, No. 06-0286-CG-C, 2019 WL 3337904, at *1 (S.D. Ala. July 25, 2019) (citing 18 U.S.C. § 3621(b)(1)-(5)).

"It is within the discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." *Bromfield v. Dobbs*, No. 18-cv-22618, 2019 WL 404048, at *5 (S.D. Fla. Jan. 16, 2019), *report and recommendation adopted*, No. 18-22618-CIV, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (4th Cir. 2005)); *see also id.* (noting that § 3624(c) "does not guarantee a one-year RRC placement" (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009))).While the Court may make a recommendation as to the appropriate correctional facility, "a district court's recommendation to the [BOP] is just that — a recommendation." *United States v. Cebellos*, 671 F.3d 852, 855 (9th Cir. 2011). A request by a sentencing court "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

The explicit language of this provision indicates that any judicial recommendation must be provided *before* the BOP makes its placement decision, as this recommendation should be considered as part of the individualized determination of an inmate's ultimate placement. *See* 18 U.S.C. § 3621(b)(4)(B). Here, however, Defendant moves for relief after an allegedly erroneous administrative decision, instead of requesting that the Court submit a recommendation on his behalf that the BOP will consider in assessing his placement before such a decision has been made. Thus, Defendant's Petition is procedurally improper and must therefore be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Petition, **ECF No. [170]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 31, 2020.

 

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Felix Filenger
16621-104
Miami FCI
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177